O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN R. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | ) Case No. ED CV 14-1161 JCG<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

Karen R. Williams ("Plaintiff") challenges the Social Security Commissioner's decision partially denying her application for disability benefits.[1] Two issues are presented for decision here:

　　1.　Whether the Administrative Law Judge ("ALJ") properly considered if Plaintiff meets or equals Listing 1.02A, (*see* Joint Stip. at 3-8); and

　　2.　Whether the ALJ properly provided a complete hypothetical to the vocational expert ("VE") (*see id.* at 14-17).

　　The Court addresses, and rejects, Plaintiff's contentions below.

---

[1] The ALJ determined that Plaintiff became disabled on November 29, 2012, not, as alleged, on July 9, 2009. (Administrative Record ("AR") at 11, 20.)

### A.   The ALJ Properly Assessed the Listing of Impairments

First, Plaintiff contends that the ALJ improperly considered whether Plaintiff met or equaled Listing 1.02A by failing to (1) determine that she cannot ambulate, and (2) consider her obesity in combination with her ankle impairment. (*See id.* at 4, 6-8.)

Generally, the claimant has the burden to prove that she has an impairment that meets or equals a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "[T]o show that [an] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The ALJ is not required to state why a claimant fails to satisfy every section of alisting as long as the ALJ adequately summarizes and evaluates the evidence. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

As relevant here, Listing 1.02A relates to "[m]ajor dysfunction of the joint(s) . . . [w]ith . . . [i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in the inability to ambulate effectively, as defined in 1.00B2b[.]" 20 C.F.R., pt. 404, subpt. P, app. 1.

#### 1.   Ambulation Determination

Preliminarily, § 1.00B2b defines the "inability to ambulate effectively" as "an extreme limitation of the ability to walk," i.e. an impairment "that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id.* Iineffective ambulation requires "insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.*

"To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school." *Id.* "[E]xamples of ineffective

ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.*

Here, the ALJ's extensive summary of the evidence related to Plaintiff's degenerative joint disease of the ankle was sufficient to support the conclusion that Plaintiff can ambulate and therefore did not meet or equal the listing. (AR at 15-17); *see Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (ALJ did not err in failing to state what evidence supported finding that claimant failed to meet or equal a listed impairment because four page, single-spaced "evaluation of the evidence" was "an adequate statement of the 'foundations on which the ultimate factual conclusions [were] based'"). Importantly, the ALJ's summary specifically discussed (1) Plaintiff's multiple leg surgeries since her 1979 motorcycle accident, (2) hardware in her ankle, (3) a consultative evaluation indicating that Plaintiff was able to walk without braces (albeit with a limp), (4) Plaintiff's admission that she rarely uses her walker, and (5) Plaintiff's daily activities, including walking while grocery shopping, driving almost every day and up to 200 miles at one time, and performing household chores such as vacuuming, washing dishes, doing laundry, and dusting. (AR at 15-17, 29, 32, 52, 65, 141-42, 182, 201, 204); *see also Worth v. Astrue*, 330 F. App'x 642, 644 (9th Cir. 2009) ("although [claimant's] ability to walk is somewhat limited, such limitations are not sufficiently 'extreme' to render [claimant] unable 'to ambulate effectively,' as required to equal [L]isting 1.02(A)").

A such, the ALJ did not err in determining that Plaintiff can ambulate.

    2. <u>Obesity Consideration</u>

Moreover, contrary to Plaintiff's assertion, there is evidence that the ALJ considered obesity in combination with her ankle impairment in determining

whether Plaintiff met or equaled the listing.

Specifically, the ALJ considered whether Plaintiff's obesity was a severe impairment, and discussed its impact on Plaintiff's co-existing impairments and her ability to ambulate. (AR at 13-14.)

Further, the State agency review physicians specifically considered Listing 1.02A and the effect of Plaintiff's obesity on her ankle. (*Id.* at 47-48, 50, 52, 59-60, 62-63, 65.) Although the ALJ rejected the State agency review physicians' conclusion that Plaintiff could perform light work,[2] the ALJ nonetheless determined that their opinions were "reasonable in light of the medical evidence submitted at the time of review . . . ." (*Id.* at 13, 18.)

Thus, the ALJ did not fail to properly consider Plaintiff's obesity.

B.  <u>Plaintiff's Challenge to the Hypothetical Was Not Preserved on Appeal</u>

Next, Plaintiff contends that the ALJ posed an incomplete hypothetical to the VE by failing to include all of Plaintiff's standing and walking limitations. (Joint Stip. at 14-17.) Plaintiff contends that such limitations were supported by (1) her subjective symptom testimony and (2) a handwritten treating physician "disability statement." (*Id.* at 14-15, 17.)

As a rule, a hypothetical to a VE is properly posed when it contains all limitations that the ALJ found credible and that were supported by the medical record. *See Richardson v. Comm'r of Soc. Sec.*, 588 F. App'x 531, 533 (9th Cir. 2014).

Here, the ALJ found Plaintiff's subjective complaints only partially credible. (AR at 15-16, 18.) Further, the ALJ found little probative value in a treatment note's handwritten statement that Plaintiff has "severe ankle/leg pain making her unable to do work" because the statement was brief, conclusory, lacked any

---

[2] Instead, the ALJ gave Plaintiff the benefit of the doubt by concluding that she could perform only a limited range of sedentary work. (AR at 14, 18.)

objective medical support, and appeared to be based on Plaintiff's subjective complaints. (*Id.* at 18, 197, 216.)

Significantly, by not challenging those determinations here, and by not offering a different hypothetical before the ALJ, Plaintiff has waived any argument that the ALJ's hypothetical should have accounted for both her discredited complaints and the doctor's disability statement. (AR at 39); *see Martinez v. Astrue*, 261 F. App'x 33, 35 (9th Cir. 2007) (claimant waived challenge to ALJ's consideration of medical opinion by failing to properly raise it before the district court); *Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (claimant waived argument that ALJ's hypotheticals were inadequate where claimant's attorney had an opportunity to pose his own hypotheticals but never mentioned the allegedly erroneously omitted limitation).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: March 27, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*